```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION


JERRY W. CUTRER, SR., LENA S. GUYTON,
NONA WALKER, JANICE HUFF, FRED
LUCKETT, JR., SUSAN HAMMETT,
RONALD W. KINSEY, MELISSA E. KEMP,
CATHY B. WEBB, CAROLYN STERLING, and
JOHN LOWRY                                          PLAINTIFFS


VS.                         CIVIL ACTION NO. 3:07cv701TSL-JCS


H.S. "BUTCH" McMILLAN, SHEILA BROWNING,
JO ANN SUMMERS, and CANDICE WHITFIELD               DEFENDANTS
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on motion of defendants H.S. "Butch" McMillan, Sheila Browning, Jo Ann Summers and Candace Whitfield to dismiss. Plaintiffs Jerry W. Cutrer, Sr., Lena S. Guyton, Nona Walker, Janice Huff, Fred Luckett, Jr., Susan Hammett, Ronald W. Kinsey, Melissa E. Kemp, Cathy B. Webb, Carolyn Sterling and John Lowry have responded in opposition to the motion. The court has considered the memoranda of authorities submitted by the parties, and concludes that the motion is well taken and should be granted.

Plaintiffs, all employees or former employees of the Mississippi Department of Rehabilitation Services (MDRS) who are over the age of forty, brought this action against defendants, all

supervisory officials with the MDRS,[1] alleging claims for discrimination and retaliation under the Age Discrimination in Employment Act (ADEA), 29 U. S. C. § 621 et. seq., and Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e, et. seq., and alleging a claim under 42 U. S. C. § 1983 for violation of their First Amendment rights.  Plaintiffs' claims are based on allegations that they were passed over for various promotions, which were filled with younger individual and/or individuals who were not qualified for the positions, and that after they filed an EEOC charge complaining of age discrimination, defendants retaliated against them in terms of "job assignments, harassment, job conditions, disciplinary actions, and in forcing them to retire," as well as "office assignments, workload, . . . intimidating [them], not following agency procedure, failing to promote [plaintiffs], and making false statements about plaintiffs' work history at MDRS."

Defendants have moved to dismiss, arguing that (1) defendants cannot be held personally liable under Title VII since they are not plaintiffs' "employer"; (2) there is no basis for individual supervisory liability under the ADEA; (3) plaintiffs' alleged speech is not protected under the First Amendment; and

---

[1] H.S. "Butch" McMillan is Executive Director of MDRS; Sheila Browning is Deputy Administrator for MDRS; Jo Ann Summers is Office Director for the Office of Disability Determination Services; and Candace Whitfield is Director for Program Integrity.

(4) defendants are entitled to qualified immunity.

Defendants are correct that individual supervisors cannot be held personally liable under Title VII, as they are not "employers" as that term is defined in Title VII. See Garcia v. Elf Atochem N. Am., 28 F.3d 446, 451 n.2 (5th Cir. 1994); Grant v. Lone Star Co., 21 F.3d 649, 652–53 (5th Cir.), cert. denied, 513 U.S. 1015, 115 S. Ct. 574, 130 L. Ed. 2d 491 (1994); Clanton v. Orleans Parish Sch. Bd., 649 F.2d 1084, 1099 (5th Cir. 1981). As the Fifth Circuit explained in Huckabay v. Moore, a supervisor who wields an employer's traditional rights, such as hiring and firing, necessarily exercises such power as an agent of the municipal body he represents; and "[b]ecause the wrongful acts are performed in his official capacity, any recovery against that person must be against him in that capacity, not individually." 142 F.3d 233, 241 (5th Cir. 1998). See also Harvey v. Blake, 913 F.2d 226, 227–28 (5th Cir. 1990)("Only when a public official is working in an official capacity can that official be said to be an 'agent' of the government; there can be no liability for backpay under Title VII for the actions of mere co-workers."). Thus, for this reason, plaintiffs' claim under Title VII must be dismissed.[2]

---

[2] That claim is also subject to dismissal for another reason: "Title VII does not provide a cause of action for age discrimination." See Falgout-Loebig v. Rosbottom Employees, L.L.C., Civil Action No. 04-3480, 2006 WL 1984684, at 7 (E.D. La. July 10, 2006); see also Doss v. South Central Bell Telephone Co., 834 F.2d 421 (5th Cir. 1987) (holding that plaintiff's claim for age discrimination should not have been brought under Title VII,

Similarly, "the ADEA provides no basis for individual liability for supervisory employees." Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996) (finding "no salient distinction between the ADEA and [Title VII]" in terms of who is an "employer"). Accordingly, plaintiffs' Title VII and ADEA claims, which he has brought against defendants only in their individual capacities, must be dismissed.[3]

Plaintiffs have also asserted a claim under § 1983, alleging that defendants' retaliation against them for filing their EEOC charge claiming age discrimination violated their rights under the First Amendment. Defendants have moved to dismiss on the basis that plaintiffs' EEOC charge was not protected speech entitled to First Amendment protection.

"[P]ublic employees do not surrender all their First Amendment rights by reason of their employment," Jordan v. Ector County, 516 F.3d 290, 294-95 (5th Cir. 2008) (citation omitted), and public employees may not be retaliated against for exercising

---

but rather under the ADEA); Lefleur v. Texas Dep't of Health, 126 F.3d 758 (5th Cir. 1997) (holding that ADEA is the sole remedy for persons who have been discriminated against based on their age).

[3] Plaintiff acknowledges that he cannot pursue his Title VII or ADEA claims under § 1983. See Lefleur, 126 F.3d 758 (holding that ADEA is the sole remedy for persons who have been discriminated against based on their age, so that "where a plaintiff asserts a claim of age discrimination under § 1983 and where the facts alleged will not independently support a § 1983 claim, the plaintiff's age discrimination claim is preempted by the ADEA").

4

their right to free speech, Thompson v. City of Starkville, 901 F.2d 456, 460 (5th Cir. 1990).  See also Davis v. McKinney, 518 F.3d 304, 312 (5th Cir. 2008) ("The First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen on matters of public concern.") (citing Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968)).  To establish a First Amendment retaliation claim, the plaintiff employees must show that (1) they suffered an adverse employment action; (2) their conduct was protected by the First Amendment, that is, they spoke as a private citizen on a matter of public concern; (3) their interest in commenting on the matters of public concern outweighs the public employer's interest in the efficient provision of public services; and (4) their protected speech precipitated the challenged adverse employment action. Nixon v. City of Houston, 511 F.3d 494, 497 (5th Cir. 2007); Connick v. Myers, 461 U.S. 138, 146, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983).

"Whether the speech at issue is on a matter of public concern is a question of law that must be determined by the court."  Salge v. Edna Indep. Sch. Dist., 411 F.3d 178, 184 (5th Cir. 2005). Three considerations are involved in the determination whether a public employee's speech is constitutionally protected:

> First it must be determined whether the employee's speech is pursuant to his or her official duties.  If it is, then the speech is not protected by the First Amendment.  Second, if the speech is not pursuant to

5

>  official duties, then it must be determined whether the
>  speech is on a matter of public concern.  Third, if the
>  speech is on a matter of public concern, the Pickering
>  test must be applied to balance the employee's interest
>  in expressing such a concern with the employer's
>  interest in promoting the efficiency of the public
>  services it performs through its employees. (Footnotes
>  and citations omitted).

Davis v. McKinney, 518 F.3d at 312 (quoting Ronna Greff Schneider, 1 Education Law: First Amendment, Due Process and Discrimination Litigation § 2:20 (West 2007)).

"[B]efore asking whether the subject-matter of particular speech is a topic of public concern, the court must decide whether the plaintiff was speaking 'as a citizen' or as part of her public job."  Davis, 518 F.3d at 312 (quoting Mills v. City of Evansville, 452 F.3d 646, 647-48 (7th Cir. 2006) (citing Garcetti v. Ceballos, 547 U.S. 410,-, 126 S. Ct. 1951, 1958, 164 L. Ed. 2d 689 (2006)).  When an employee makes statements pursuant to his official duties, he is not speaking as a citizen, but rather in his role as an employee.  Id. (citing Garcetti, 126 S. Ct. at 1960).  "[W]hen a public employee raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job."  Id. at 312-14.  "If, however, a public employee takes his job concerns to persons outside the work place in addition to raising them up the chain of command at his workplace, then those external communications are ordinarily not made as an employee, but as a citizen."  Id.  In the case at bar, it is clear that plaintiffs

did not file their EEOC charges of discrimination pursuant to any official duty of their jobs or in the course of performing their jobs.  See Davis, 518 F.3d at 312 (finding that a plaintiff's complaint of discrimination to EEOC, an outside agency, that the defendant was discriminating against women and African-Americans in its imposition of sanctions for violations of the University's internet use policy, was not made by the plaintiff as an employee because it was not within the plaintiff's official job function to communicate with outside agencies); Sanders v. Leake County School Dist., 546 F. Supp. 2d 351, 355 (S.D. Miss. 2008) (finding that EEOC charge of race discrimination by school principal was not made pursuant to her official duties).

Plaintiffs argue that "[s]peech contained in a formal complaint to the EEOC about discrimination is a matter of public concern."  Yet the Fifth Circuit has held that "[l]odging a complaint with the EEOC, without further airing of grievances, creates a private, personal dispute between employer and employee[,] not ... a generalized petition for a remedy to a public problem."  Short v. City of West Point, Miss., No. 97-60086, 1997 WL 575048, *1 (5th Cir. Aug. 29, 1997) (citing Ayoub v. Texas A & M Univ., 927 F.2d 834 (5th Cir. 1991), cert. denied, 502 U.S. 817, 112 S. Ct. 72, 116 L. Ed. 2d 46 (1991)).  In Short, the court declared, "This type of speech is not protected by the First Amendment because it concerns merely personal

7

employment status." Id.  Thus, an employee's EEOC charge which relates only to matters directed at the employee's self-interest or employment conditions does not raise matters of public concern; but even if an employee's EEOC charge relates to or includes other matters which are legitimate matters of public concern, if the employee merely files an EEOC charge and does nothing further to call the public's attention to those concerns, then it is not extended First Amendment protection in light of the context in which it is presented, i.e., as a purely personal and private matter.  See Sanders, 546 F. Supp. 2d at 356-58 (citing Short, and Ayoub v. Texas A & M Univ., 927 F.2d 834 (5th Cir. 1986)).  Here, plaintiffs' First Amendment claim fails as it is based solely on their filing of their individual complaints of age discrimination with the EEOC.

Based on the foregoing, it is ordered that defendants' motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 14th day of July, 2008.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE